# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 17-1869V
Filed: February 11, 2025

|  |  |
|---|---|
| STEPHANE FIORELLO and ANTHONY FIORELLO, on behalf of their minor child, R.F.,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Special Master Horner |

*Courtney Christine Jorgenson*, Siri & Glimstad, LLP, Phoenix, AZ, for petitioner
*Andrew Donald Downing*, Downing, Allison, & Jorgenson, Phoenix, AZ, former counsel for petitioner.
*Ryan Pohlman Miller*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

      On December 4, 2017, petitioners filed a petition on behalf of their minor child, R.F., for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.* (2012) ("Vaccine Act").[2] (ECF No. 1.) Petitioners alleged that R.F. suffered an adverse reaction to a hepatitis B vaccination administered on December 4, 2014. (*Id.*) On December 28, 2024, petitioners filed a motion for an award of interim attorneys' fees and costs for their prior counsel, Mr. Downing, who departed the case as of February 4, 2025. (ECF No. 11.) For the reasons discussed

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be to the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

1

below, petitioners' motion is GRANTED and petitioners are awarded interim attorneys' fees and costs in the reduced amount of $111,841.67.

## I. Procedural History

This case was litigated before the Office of Special Masters between December of 2017 and August of 2024, when the undersigned issued a decision dismissing petitioners' case. (ECF No. 83.) Petitioners subsequently filed a motion for review of that decision, which remains pending. (ECF No. 85.)

On December 28, 2024, petitioners filed a motion for an award of interim attorneys' fees and costs. (ECF No. 94.) The reason for the motion was that petitioner's counsel of record at the time, Mr. Downing, was discontinuing practice in this program in order to accept an appointment to a position within the government. (*Id.* at 2.) The motion seeks interim fees and costs in the amount of $111,940.67, inclusive of $102,198.00 in attorneys' fees and $9,742.67 in costs. (*Id.* at 7.) All costs were borne by counsel. (*Id.* at 12.) The motion was fully briefed prior to the substitution of counsel. (ECF Nos. 95-96.)

Although a motion for review remains pending before the Court of Federal Claims, motions for attorneys' fees and costs are directed to the special master. Vaccine Rule 13(b); Vaccine Rule 34.

## II. Legal Standard

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and . . . other costs." § 300aa-15(e)(1)(A)-(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

Additionally, the Federal Circuit has concluded that interim fee awards are permissible and appropriate under the Vaccine Act. *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1374-75 (Fed. Cir. 2010); *Avera*, 515 F.3d at 1352. In *Shaw*, the Federal Circuit clarified that, "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. The fact that an attorney is withdrawing may be a circumstance that warrants an interim award, but it is not necessarily so. *Compare Wood v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148 (2012), *with McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 297 (2011).

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1347. It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton*

*v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). However, "[t]he failure of respondent to identify with particularity any objection to a request for attorney's fees and costs may be taken into consideration by the special master in the decision." Vaccine Rule 13(a)(3). Special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 486 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Such applications should not include hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Attorneys' costs must be reasonable as well. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs."), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

### III. Party Contentions

In their motion, petitioners contend that R.F.'s medical records, most notably the assessments of Drs. Oppenheimer and Siegel, coupled with their expert's opinion, are sufficient to confer a reasonable basis for the filing of their petition, despite the fact that a decision denying entitlement was issued. (ECF No. 94, pp. 3-7.) Petitioners further assert that the rates charged by counsel are consistent with prior awards and that the amount sought for fees and costs is reasonable. (*Id.* at 8-11.) Petitioners contend that Dr. Durvasula's requested expert hourly rate of $500 per hour is commensurate with his credentials and experience. (*Id.* at 11-12.)

In response, respondent contends that "[t]he Vaccine Act does not require respondent to file any response to a request by a petitioner for an award of attorneys' fees and costs." (ECF No. 95, p. 2.) With regard to whether an interim award is appropriate, "[r]espondent defers to the Special Master as to whether petitioner has made a special showing to justify an award of interim attorneys' fees and costs under the particular circumstances of this case." (*Id.* at n.4.) Respondent stresses that the

good faith and reasonable basis requirements are a prerequisite to any award of attorneys' fees and costs. (*Id.* at 1.) In that regard, respondent notes repeatedly that the undersigned found in the entitlement decision that "[t]his is not a close case." (*Id.* at p. 6 & n.3.) Nonetheless, respondent stops short of arguing that this case lacked a reasonable basis, instead concluding that, "[s]hould the Special Master be satisfied that the reasonable basis and interim fee award standards are met in this case, respondent respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorney's fees and costs." (*Id.* at 6.)

Despite this, respondent additionally argues that petitioners' counsel engaged in excessive billing for the work his firm did in pursuit of petitioners' motion for review, noting that more than 75 hours were billed in litigating the motion for review. (ECF No. 95, p. 6.) Respondent adds, however, that, although this is noted as a "potential area of focus," special masters are not limited to the objections raised by respondent. (*Id.* (citing *Scharfenberger v. Sec'y of Health & Human Servs.*, 124 Fed. Cl. 225, 234 (2015).) Respondent explains that:

> [A]s the Court knows, for the past several years respondent has declined to provide detailed objections in response to most fee applications and instead has deferred to the special masters' discretion to determine a reasonable fee award given the particular circumstances in each case. Respondent is concerned, however, that there are instances where the Court is not properly exercising its independent authority to award only those fees and costs that are reasonable, as Section 15(e) requires, and it appears that most fee applications are being approved with only minor deductions, if any. As a result, fee awards have increased significantly. Moreover, it is evident in some cases that petitioners' counsel fail to exercise appropriate billing judgment.

(*Id.* at 5 (footnote omitted).) Within this passage, respondent added a footnote indicating that the Director of the Vaccine Injury Compensation Program was publicly questioned about an increase in attorneys' fees payouts from fiscal year 2023 to 2024. (*Id.* at n.6.) The footnote linked to a meeting of the Advisory Committee on Childhood Vaccines ("ACCV"). (*Id.*)

In reply, petitioners contend that the billing for the motion for review totaled only 69 hours and that this is reasonable given the length of the briefing. (ECF No. 96, p. 2.) Petitioners' counsel asserts that billing of two hours per page of briefing is an appropriate "rule of thumb."[3] (*Id.* at n.1.) Petitioners' further assert this is a complex case with over 2,200 pages of medical records. (*Id.* at 2.)

Petitioners contend that respondent's argument with respect to the rise in attorneys' fees and costs in the program is "ludicrous." (ECF No. 96, p. 3.) Petitioners suggest that the respondent seeks to mislead the court. They indicate that, during the

---

[3] Petitioners' memorandum accompanying their motion for review was 40 pages and their reply was 9 pages. (ECF Nos. 88, 92.)

4

ACCV meeting cited by respondent, the increase in attorneys' fees and costs was attributed to an increase in the number of adjudications.  (*Id.* at 3-4.)  Petitioners dispute that the overall increase in attorneys' fees is attributable to the special masters and argue that "the Court is already applying a proper discretionary review on each and every attorney's fee application filed."  (*Id.* at 4.)

## IV.  Analysis

In this case, I find that the petition was filed in good faith and with a reasonable basis.  Although respondent stresses that I concluded in the entitlement decision that this is not a "close case," that is not informative of the question of reasonable basis as that determination was made relative to the preponderant standard, rather than the much lower "more than a mere scintilla of evidence" standard that governs the question of reasonable basis.  *Cottingham ex rel. K.C. v. Sec'y of Health & Human Servs.*, 971 F.3d 1337, 1346 (Fed. Cir. 2020).  In the decision denying entitlement to compensation, I explained why the medical opinions of petitioner's treating physicians did not preponderantly support vaccine causation.  (ECF No. 83, pp. 22-25.)  However, although I concluded that Dr. Oppenheimer's opinion "is not ultimately strong evidence," I did not discount it entirely.  (*Id.* at 23-24.)  I explained that "the medical records are not entirely devoid of medical opinion at least party supportive of petitioners' claim."  (*Id.* at 25.)  In that regard, I noted that "I agree that Dr. Oppenheimer's record includes an impression from a qualified specialist that R.F's initial episode was an immune reaction to the vaccine."  (*Id.* at 23.)  *Accord James-Cornelius ex rel. E.J. v. Sec'y of Health & Human Servs.*, 984 F.3d 1374, 1380 (Fed. Cir. 2021) (finding a doctor's notation of "??VAERS" partly supportive of a reasonable basis).  In any event, I additionally take notice of the fact that respondent does not actually assert that this petition lacked either good faith or a reasonable basis for its filing.

I also exercise my discretion to award interim attorneys' fees and costs in light of counsel's departure from the case.  In *Wood*, the Court of Federal Claims explained that it was reasonable for the special master to concluded that "delaying a fee award to counsel who had ended their representation for an indeterminable time until the case was resolved sufficed to constitute the type of 'circumstances' to warrant an interim fee award."  105 Fed. Cl. at 154.  Here, while the undersigned has already filed a decision denying entitlement, petitioners' motion for review remains pending and the possibility for a remand and/or appeal to the Federal Circuit remains.  Thus, as in *Wood*, the ultimate resolution of this case, which has already been pending a number of years, is indeterminate despite being at a relatively late stage of litigation.  Additionally, while I do not find the specifics of counsel's future endeavor to be germane, I do give weight to the fact that former counsel is entirely winding down his practice, a process that will likely depend on resolution of his firm's outstanding receivables.  Therefore, there are circumstances beyond counsel's mere exit from this single case that reasonably suggest the potential for hardship absent the instant request.

Having concluded that an award of interim fees and costs is appropriate, I have reviewed the billing records accompanying petitioners' motion.  The requested hourly

5

rates are consistent with what has been awarded in prior cases, except that there was a mid-year rate increase in 2022, which has been disfavored in prior decisions.[4] *See Vizcarra v. Sec'y of Health & Human Servs.*, No. 20-488V, 2023 WL 5935744, at *7-8 (Fed. Cl. Spec. Mstr. Aug. 18, 2023); *Sewell v. Sec'y of Health & Human Servs.*, No. 19-1486V, 2023 WL 5054778, at *2 (Fed. Cl. Spec. Mstr. July 12, 2023); *Chambers v. Sec'y of Health & Human Servs.*, No. 19-140V, 2022 WL 17829723, at *3 (Fed. Cl. Spec. Mstr. Oct. 26, 2022). Correcting this issue results in a reduction of $99.00.[5]

In light of respondent's objection, I have taken particular note of the time spent drafting petitioners' motion for review. Respondent suggests the hours spent pursuing the motion for review warrant scrutiny because the entitlement decision indicated that this was "not a close case." (ECF No. 95.) However, without more, and without respondent having explicitly asserted that the reasonable basis for the claim dissipated with the issuance of the decision denying entitlement, it is not clear why this should have a direct bearing on the number of hours that could reasonably be devoted to briefing the motion for review. The fact of my conclusion alone does not necessarily foreshadow what petitioners might reasonably argue on review, given that the premise of the motion is that this conclusion was incorrect. On the other hand, petitioners are not entirely persuasive in suggesting a two hour per page "rule of thumb." This was not petitioners' first brief in this case and a significant portions of the briefing page count is taken up by screen captures of the medical records and expert reports, rather than drafted text. Ultimately, I cannot conclude that the amount of time spent on the briefing was patently unreasonable, even if it was on the high end of normal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, 89 Fed. Cl. 661, 667 (Nov. 10, 2009) (finding 160.2 hours of attorney work reasonable for prosecuting *two* motions for review); *Morse v. Sec'y of Health & Human Servs.*, 93 Fed. Cl. 780, 793 (July 26, 2010) (noting that a survey of fee awards for motions for review showed billings of between of 6.25 and 80 hours per instance). I did recently reduce fees and costs for this firm for excessive billing for briefing. *Druery v. Sec'y of Health & Human Servs.*, No. 17-1213V, 2024 WL 4850668, at *3 (Fed. Cl. Spec. Mstr. Oct. 25, 2024). However, the circumstances were different. In *Druery*, I found that counsel had billed excessively for what amounted to merely converting a pre-hearing brief into a motion for a ruling on the written record after a hearing was cancelled.

The billing in this case appears reasonable overall based on my review. Moreover, apart from the single objection to the amount billed for petitioners' motion for review, respondent's response otherwise deferred to the special master's discretion in determining the amount of any award of fees and costs. While I have exercised that

---

[4] The motion states that Mr. Downing requested a rate of $415 per hour for work performed in 2021, which would be inconsistent with what he has been awarded in other cases. However, the billing records reflect that he actually charged $385 per hour for that work, which is consistent with prior awards.

[5] This reduction was calculated by adding the total number of hours billed by Mr. Downing, Ms. Jorgenson, and Ms. Avery following the mid-year raise in 2022, which results in a finding that Mr. Downing billed a total of 2.3 hours at a rate of $445.00 per hour, Ms. Jorgenson billed a total of 0.3 hours at a rate of $345.00 per hour, and Ms. Avery billed a total of 1.2 hours at a rate of $155.00 per hour. (ECF No. 94-1.)

discretion and assessed the reasonableness of petitioners' request for fees and costs, I have in part taken account of respondent's lack of objection in determining what constitutes a reasonable award of attorneys' fees and costs, consistent with the Vaccine Rules. *See* Vaccine Rule 13(a)(3).

Respondent expresses a concern that, in the face of respondent's non-participation, "there are instances where the Court is not properly exercising its independent authority to award only those fees and costs that are reasonable, as Section 15(e) requires, and it appears that most fee applications are being approved with only minor deductions, if any." (ECF No. 95, p. 5.) Respondent asserts that this has resulted in a significant increase in fee awards on a program-wide basis. (*Id.*) However, given that respondent's counsel has for years routinely disclaimed having the resources needed to conduct actual detailed review of any fee applications (*e.g.*, *id.*), it is far from clear what factual basis respondent could have for the assertion that special masters have acted improvidently. Respondent misses the mark in seeming to imply that a review of fee reductions in aggregate could be useful benchmark. The goal of the process is to ensure that the fees incurred are reasonable within the context of what actually occurred in litigating the case at hand, an outcome that will not require significant reductions in every instance. This is necessarily a case-by-case analysis and what happens in the aggregate is not very informative of the reasonableness of any given fee request. Thus, there is no better or more immediate solution to respondent's broader concern than taking advantage of the opportunity to file a substantive motion response specific to each case.[6]

---

[6] Citing three prior decisions, respondent stresses the notion that the question of whether respondent's counsel's non-participation constitutes a waiver has been previously litigated. (ECF No. 95, pp. 2-3 (citing *Dominguez v. Sec'y of Health & Human Servs.*, 136 Fed. Cl. 779, 785 (2018); *McIntosh v. Sec'y of Health & Human Servs.*, 139 Fed. Cl. 238, 248 (2018); *Spahn v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 252, 262-63 (2018)).) Of course, these cases predate the 2023 amendment to Vaccine Rule 13. But in any event, the fact that special masters have the duty and authority to evaluate fees and costs independent of respondent's objections has never meant that respondent is precluded from participating in the process or that respondent's counsel's failure to do so was either advisable or unlikely to have consequences. Respondent ignores the fact that the Court of Federal Claims offered explicit forewarning on this very point. Specifically, in *McIntosh*, one of the cases cited by respondent, Judge Horn explained six years ago that:

> It is inappropriate for government litigators to decide, as a matter of policy, that they will not engage in a particular part of an ongoing case in which the government is the defending entity in federal court, even given the more relaxed evidentiary approach applicable in Vaccine Act cases. Such behavior represents an abrogation of the government's responsibility to protect how funds from the Vaccine Trust Fund are applied. . . . A complete refusal or failure by the government even to review the attorneys' fees and costs applications submitted by petitioners' counsel removes a valuable check against the potential for the award of undeserved attorneys' fees and costs. . . . It also undermines the litigation process for one party to completely remove itself from part of the proceedings. The Department of Justice represents the Secretary of the Department of Health and Human Services in all parts of a Vaccine Act case, including petitions for entitlement to compensation and petitioners' counsels' requests for reasonable attorneys' fees and costs. The respondent should not be allowed to unilaterally walk away from the any part of a Vaccine Act case. The Special Masters should be able to rely on the respondent's attorneys to assist in evaluating the reasonableness and validity of each portion of the

Finally, I have also reviewed the requested costs and find that they are reasonable and sufficiently documented.  Although it does not appear that Dr. Durvasula's rate has been specifically adjudicated in any prior case, the overall cost of his expert reports was reasonable.  *Accord Johnson v. Sec'y of Health & Human Servs.*, No. 17-852V, 2020 WL 8509842, at *2 n.3 (Fed. Cl. Spec. Mstr. Dec. 18, 2020).  Moreover, $500 per hour is not an unreasonable hourly rate for an infectious disease specialist.  *E.g.*, *Whitney v. Sec'y of Health & Human Servs.*, No. 10-809V, 2016 WL 4491499 (Fed. Cl. Spec. Mstr. July 27, 2016).

### V.     Conclusion

**Accordingly, the petitioner is awarded interim attorneys' fees and costs in the total amount of $111,841.67, to be paid through an ACH deposit to petitioner's former counsel, Mr. Andrew D. Downing's IOLTA account for prompt disbursement.**

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

case, even though the Vaccine Act and the Vaccine Rules are silent on respondent's responsibilities in the attorneys' fees and costs determination.

139 Fed. Cl. at 251-52 (footnotes omitted).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

8