CORRECTED

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-1869V
Filed: August 6, 2025

| | |
|---|---|
| STEPHANE FIORELLO *and* ANTHONY FIORELLO *on behalf of their minor child R.F.*, <br><br>                    Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>                    Respondent. | Special Master Horner |

*Courtney Christine Jorgenson, Siri & Glimstad, LLP, Phoenix, AZ, for petitioner.*
*Ryan Pohlman Miller, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On December 4, 2017, petitioners filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] ("Vaccine Act"). (ECF Nos. 1, 29.) Petitioners alleged that R.F. suffered a systemic inflammatory response ("SIRS") as a result of hepatitis B vaccination of December 4, 2014. (ECF No. 29.) On August 12, 2024, a decision was issued denying compensation. (ECF No. 83.) A motion for review was subsequently denied (ECF No. 101), and a judgment dismissing the petition was issued on February 21, 2025 (ECF No. 102).

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be to the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

On April 29, 2025, petitioners filed a motion for an award of final attorneys' fees and costs totaling $5,188.20, including $5,180.90 for attorneys' fees and $7.30 for attorneys' costs.  (ECF No. 106.)  Petitioners confirmed they did not incur any personal costs.  (ECF No. 107-3.)  The bulk of the attorneys' fees and costs generated in this case ($111,841.67 in total) were previously awarded on an interim basis, prompted by the departure of petitioners' prior counsel.  (ECF No. 98.)  In response to the instant motion, respondent deferred to the court with respect to whether the requirements for an award of attorneys' fees and costs have been met, as well as with regard to a reasonable amount of any such award.  (ECF No. 109.)

The undersigned already determined in the decision awarding interim attorneys' fees and costs that this case was brought in good faith and with a reasonable basis.  (ECF No. 98, p. 5.)  In the undersigned's experience and based on review of the billing records, this final request for fees appears reasonable overall.[3]  Additionally, pursuant to Vaccine Rule 13(a)(3), "[t]he failure of respondent to identify with particularity any objection to a request for attorney's fees and costs may be taken into consideration by the special master in the decision."  The costs also appear to be reasonable and sufficiently documented.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 300aa-15(e).  Based on the reasonableness of petitioners' request, the undersigned **GRANTS** petitioners' motion for attorneys' fees and costs.

**Accordingly, the undersigned awards a lump sum of $5,188.20, representing reimbursement of attorneys' fees and costs, to be paid through an ACH deposit to petitioners' counsel of record, Courtney Jorgenson's IOLTA account for prompt disbursement.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] Given the amount at issue, I do not find it necessary to specifically resolve whether Ms. Jorgenson's and Mr. Beaulieu's 2025 rates are reasonable in order to achieve rough justice regarding a reasonable amount for the attorneys' fees.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.